UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON JON HARVEY,

                Plaintiff,                 Case No. 1:22-cv-74

v.                                   Hon. Jane M. Beckering

UNITED STATES OF AMERICA and
STATE OF MICHIGAN,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

       This is an action brought by *pro se* plaintiff Brandon Jon Harvey (referred to as plaintiff or "Harvey") against the United States of America ("United States") and the State of Michigan ("Michigan"). For the reasons discussed below, the complaint should be dismissed.

### I.    Harvey's complaint

       Harvey is suing the United States and Michigan pursuant to 42 U.S.C. § 1983[1] for violating the following federal constitutional and statutory rights:

    Preamble of the Constitution of the United States

    Article I Section 8 Clause 10 - Law of Nations - Sections 212, 215, 218, 219, 220, 222, 228

    Article IV Section 4 - Republican Form of Government. Invasion. & Domestic Violence

    Article I Section 10 - Obligation of Contracts & Interstate Compact & State's Engagement in War

---

[1] While Harvey checked boxes in his form complaint indicating jurisdiction for both "Federal Officials (a *Bivens* [*v. Six Unknown Named Agents*, 403 U.S. 388 (1971)] claim) and "State of local officials (a § 1983 claim), he only listed a basis for a § 1983 claim. Compl. at ¶ III.B., PageID.3. As discussed, *infra*, he cannot sue defendants under either § 1983 or *Bivens*.

Amendments: 1st, 2nd, 6th, 8th, 9th, 10th, 13th, 14th, 26th;
18 U.S.C § 1091 [Genocide]

Compl. (ECF No. 1, PageID.3).

Harvey alleged that defendants violated his rights acting under color of state or

local law as follows:

Using Social Security Title IV-D funding, the United States has encouraged
and conspired with the State of Michigan to deny me of my custodial rights of my
child, violating 14th amendment and the US Supreme Court's decision in Troxel v
Granville, usurping the power and authority reserved for and by the People, as
described in the State and US Constitution's Preambles and in Amendments 9 and
10, and violating my natural inalienable rights as my child's father, thereby
engaging in unsanctioned War.

*Id*. at PageID.4.

Harvey set forth the following facts to support his claim:

A State that does not recognize a specific class of citizens their inalienable
right to vote has no civil power and authority over said class of citizens for it is
from the consent of the citizens that the State acquires its power and authority.  The
Allegan County Probate Court attempted to have me civilly committed to a mental
health facilitiy [sic] after forcing me to undergo 2 consecutive mental health
evaluations on account of my religion.  After conclusively determining that I did
not possess any serious mental health conditions endangering myself, my family,
or anyone else, the "Friend of the Court" and the Barry County Michigan Circuit
Court conspired to kidnap my child so that they could fraudulently steal $400 per
month from me in "chilld support" [sic] while I was medically incapable of
sustaining gainful employment and being treated for medical conditions that
eventually required hospitalization, surgery on my cervical spine, and physician's
order that I refrain my previous line of work based on physical limitations.  The
United States Internal Revenue Service ignored my complaint of fraud when I
alerted them of State's illegal garnishment of my income tax returns.  My
complaints have been ignored by numerous state and Federal agencies,
Congressmen, the President and the Governor's office.

*Id*.

Harvey's injuries include:

I have been psychiatrically treated for major depression, anxiety, and Post
Traumatic Stress Disorder as a result of these iniuries [sic].  I have been denied my

inherent nature [sic] right as a human being to father my own child. . .  I am a man who is loyal and devoted to his nation but that loyalty and devotion comes 2nd to my Child and my Creator.  .  .  I hold no loyalty to those who have invaded this nation and infiltrated government but to my Son and my God first and foremost and then to the People and the preservation of freedom, which should never come in conflict with one another under any reasonable and rational circumstances.

*Id*. at PageID.5.    For his relief, Harvey states,

I request that this court order the return of what has been stolen from me and a permanent injunction against any future attempts at thefts, frauds, deceptions, abuses or kidnappings of like nature.

*Id*.

## II.    Discussion

### A.    Defendant United States

Harvey's claims against the United States should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[2]  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994).  The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity of citizenship jurisdiction). *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 513 (2006).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (internal quotation marks omitted).  "A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4

---

[2] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

3

(1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957)." *Lumbard v. St. Joseph County Sheriff Department, et al.*, No. 1:15-cv-1013, 2016 WL 316723 at *2 (W.D. Mich. Jan. 27, 2016).

Here, Harvey has not addressed waiver of sovereign immunity.  Rather, he has simply listed citations to portions of the United States Constitution, the "Law of Nations", constitutional amendments, and a federal statute for the crime of genocide.  Furthermore, to the extent that Harvey claims jurisdiction arising from § 1983 or for a *Bivens* violation, these claims fail because "[t]he United States is not a person acting under color of state law pursuant to 42 U.S.C. § 1983, nor is it subject to a claim under *Bivens*." *Grant v. United States*, No. 19-CV-0269V, 2019 WL 11637253 at *4 (W.D.N.Y. June 13, 2019).  Accordingly, Harvey's claims against the United States should be dismissed for lack of subject matter jurisdiction.

### B.    Defendant Michigan

The Court allowed Harvey to file this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  *See* Order (ECF No. 5).  For that reason, it must review Harvey's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"   In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

4

> [A] complaint must contain sufficient factual matter, accepted as true, to
> state a claim to relief that is plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.  The plausibility
> standard is not akin to a probability requirement, but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Where a complaint pleads facts
> that are merely consistent with a defendant's liability, it stops short of the line
> between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  It is well-established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678.

While Harvey seeks to sue the State of Michigan pursuant to 42 U.S.C. § 1983, he fails to state a claim under the statute because Michigan is not a person within the meaning of § 1983.  *See Will v. Mich. Department of State Police*, 491 U.S. 58, 65-66 (1989).   Furthermore, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly

abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Harvey's claims against Michigan should be dismissed.

### III.    Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's amended complaint be **DISMISSED with prejudice**.

Dated:  February 17, 2022                              /s/ Ray Kent
                                                                      United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).